# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SHERMAN, | : | CIVIL CASE |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| COMPOSITION SYSTEMS, INC., | : | |
|     Defendant. | : | NO. 12-4106 |

## MEMORANDUM RE:
## DENIAL OF PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**Baylson, J.**                                                                                                                             **August 13, 2013**

## I. Introduction

On June 12, 2012, Plaintiff James Sherman ("Plaintiff"), a former salesman for Defendant Composition Systems, Inc. ("Defendant"), filed a Complaint against Defendant in the Court of Common Pleas of Montgomery County, Pennsylvania alleging breach of contract and violation of the Pennsylvania Wage Payment and Collection Law ("WCPL"), 43 Pa. Stat. Ann. §§ 260.1, et seq., arising out of his termination from Defendant's employ and Defendant's refusal to pay him certain sales commissions. The case was removed to this Court on July 19, 2012, and Defendant subsequently filed an Amended Answer (ECF 17) asserting counterclaims for unjust enrichment and breach of duty of loyalty, alleging that Plaintiff failed to pay certain health benefit premiums, and that he performed work for one of Defendant's competitors while still employed by Defendant.

On March 23, 2013, Plaintiff filed a Motion for Partial Summary Judgment on the issue of whether he is entitled to commissions for certain sales that he allegedly secured for Defendant, but that were not formally concluded until after his termination (ECF 21). Defendant responded to Plaintiff's Motion and also filed a Cross-Motion for Partial Summary Judgment on the same issue, as well as its counterclaim for unjust enrichment (ECF 22). For the reasons below, both motions are DENIED.

II. **Undisputed Facts**

  A. **Disputed Commissions**

Defendant is a printing company and Plaintiff's former employer. Plaintiff worked as a salesman for Defendant and derived part of his compensation from commissions. During his employment, Plaintiff pursued two large customers, Sodexo and St. Gobain. While neither company ever entered into a long-term contract with Defendant, both did become customers that purchased substantial amounts of Defendant's printing services.

Plaintiff, however, was terminated before the vast majority of Defendant's sales to Sodexo and St. Gobain were formally concluded, and Defendant refused to pay Plaintiff commissions on those sales, asserting that the terms of his employment agreement precluded him from collecting commissions for sales concluded after his termination, and, in any event, that Plaintiff had never actually secured sales agreements with either company, and another salesperson was ultimately responsible for the sales Plaintiff claimed to have procured. Most of the disputed sales were completed over the course of many months after Plaintiff's termination, though some were completed within weeks.

  B. **Health Benefit Premiums**

While employed by Defendant, Plaintiff was covered by medical and dental benefit plans for which he was supposed to pay certain premiums. Due to an accounting error, Defendant failed to properly bill Plaintiff, and Plaintiff never paid the premiums. While Plaintiff does not dispute that he should have paid the premiums, he refuses to pay Defendant, because he believes that Defendant should deduct the value of the premiums from the commissions allegedly owed him. The value of the commissions in dispute far surpasses the value of the premiums.

III. **Legal Standard**

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by showing the district court that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The party opposing summary judgment must rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The district court may grant summary judgment "[i]f the evidence is merely colorable, or is not significantly probative." Anderson, 477 U.S. at 249 (citations omitted). Under Rule 56, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in favor of the non-movant. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

## V.  Discussion

### A.  The Court Denies Summary Judgment on the Commissions Issue.

Plaintiff contends that according to the efficient procuring cause doctrine, he is entitled to commissions on certain of Defendant's sales to Sodexo and St. Gobain, even though the sales were concluded after Defendant terminated him. The efficient procuring cause doctrine allows a salesperson to claim commissions for sales completed after his termination, so long as the salesperson:

1. Had a contract of employment;

2. Presented the employer with a purchaser who was "ready, willing and able to purchase on terms that [were] satisfactory to the [employer]"; and

3. Caused the sale to take place.

3

In re Benninger, 357 B.R. 337, 356 (Bankr. W.D. Pa. 2006) (citing Strout Realty, Inc. v. Haverstock, 555 A.2d 210 (Pa. Super. Ct. 1989)); accord Christo v. Ramada Inns, Inc., 609 F.2d 1058, 1061 (3d Cir. 1979); Realty One, Inc. v. Western Development Corp., No. CIV. A. 90-0099, 1993 WL 657171, at *5-6 (E.D. Pa. May 17, 1994) (Broderick, J.), aff'd, 46 F.3d 1118 (3d Cir. 1994); Binswanger Co. v. Nat'l Indus. Servs., Inc., Civ. A. No. 87-7819, 1991 WL 142643, at *7-8 (E.D. Pa. July 18, 1991) (Gawthrop, J.), aff'd, 989 F.2d 486 (3d Cir. 1993). Analysis of the third requirement is, obviously, fact dependent. Nevertheless, certain conduct has been deemed insufficient to entitle a salesperson to a commission as a matter of law, such as "[m]erely conducting negotiations with the prospective buyer." In re Benninger, 357 B.R. at 356. Neither is a salesperson entitled "to a commission simply by presenting a willing buyer . . . if the deal is later struck on different terms," K. Robert Brian Inc. v. Pa. Nat'l Ins. Co., 17 Pa. D. & C.4th 545, 547 (Pa. Ct. Comm. Pleas 1992) (citing Axilbund v. McAllister, 180 A.2d 244 (Pa. 1962)), nor if "there is a break in their negotiations, and, at a later date," a sale is made to "the same prospective buyer," Haverstock, 555 A.2d at 212. Furthermore, the efficient procuring cause doctrine cannot override the terms of an employment contract. See O'Donnell v. Passport Health Commc'ns, Inc., Civil Action No. 11-3231, 2013 WL 1482621, at *9 (E.D. Pa. Apr. 10, 2013) (Tucker, J.) ("[t]he contract between the parties governs whether specific wages or commissions are 'earned'" for the purpose of the WPCL (quoting Sendi v. NCR Comten, Inc., 619 F. Supp. 1577, 1579 (E.D. Pa. 1985), aff'd, 800 F.2d 1138 (3d Cir. 1986))).

 Defendant contends that the efficient procuring cause doctrine does not apply to Plaintiff because (1) his employment agreement expressly precludes him from collecting commissions for sales concluded after his termination; (2) the efficient procuring cause doctrine applies only to brokers and non-employee salespeople, and Plaintiff was an employee-salesman of Defendant; and (3) even if the doctrine does apply, Plaintiff did not, in fact, secure the sales for which he seeks commissions.

For the reasons below, neither Plaintiff nor Defendant is entitled to summary judgment on the issue of whether Plaintiff is entitled to commissions on the sales to Sodexo and St. Gobain that were concluded after his termination.

According to Defendant, Plaintiff's employment agreement precludes him from collecting commissions on sales concluded after his termination because it states that: "Upon termination (resignation, death or termination for cause). [Defendant] will log all jobs entered up to the date of termination. The list of these jobs will be provided to the employee for review. Commissions on these jobs will be disbursed within seven days of receipt of the funds." (Def.'s Statement of Undisputed Facts ¶ 10.) Defendant contends that this language clearly limits Plaintiff to receipt of commissions on sales that were "entered" by Defendant during Plaintiff's employment. Such a reading is unreasonable, however, because (1) the cited language implies that Plaintiff could request amendments to the list by expressly giving him a right of review, and (2) none of the language clearly addresses the scenario giving rise to the dispute in this case, i.e., sales Plaintiff claims to have secured during his employ, but that were formally concluded and "entered" after his termination. Accordingly, the Court cannot find that Plaintiff is contractually precluded from receiving commissions on sales formally concluded and "entered" by Defendant after his termination.[1]

The Court also cannot agree with Defendant's contention that the efficient procuring cause doctrine is inapplicable to employee-salespeople like Plaintiff. Though the usual case applying the doctrine appears to involve real estate brokers, Defendant cites no authority proscribing its application to employee-salespeople, and the Court is aware of none. To the contrary, Plaintiff cites Hoffman v. Lomma Enterprises, Inc., 223 A.2d 234 (Pa. Super. Ct.

---

[1] The Court also rejects Defendant's contention that its reading of the agreement is necessary to prevent Plaintiff from being entitled to any and all commissions from sales to Sodexo and St. Gobain without limit. As Plaintiff's submissions make clear, the limit on his entitlement to commissions is satisfaction of the efficient procuring cause doctrine.

5

1966), which applied the doctrine to a salesman. Although Hoffman is admittedly an older case, the Court is aware of no indication that it has been overruled,[2] and Defendant provides neither sound justification for distinguishing between the plaintiff in Hoffman and Plaintiff in this case, nor principled distinction between brokers in real estate transactions and employee-salespeople.[3]

Regardless, the Court finds it unnecessary to rule at this time on the issue of whether the efficient procuring cause doctrine applies to this case. Even assuming that the doctrine does apply, the record is insufficient for the Court to determine that "there is no genuine dispute as to any material fact" regarding Plaintiff's role in securing the disputed sales to Sodexo and St. Gobain, and the Court cannot make any related rulings as a matter of law. Fed. R. Civ. P. 56(a). Specifically, review of the current record reveals that there is a genuine dispute of fact as to both the stage that negotiations had reached with both customers prior to Plaintiff's termination, and the amount and nature of Defendant's additional efforts to secure sales to those customers after Plaintiff's termination.

Plaintiff contends that he had negotiated and reached agreement on all material terms of the sales to Sodexo and St. Gobain, and all that remained was for the customers to submit purchase orders under those terms. Plaintiff does not, however, provide any documentary evidence supporting this contention. Defendant contends that Plaintiff never procured any agreements, and that each sale was made pursuant to a purchase order that was effectively a distinct contract of sale secured only by substantial additional effort by another salesperson. Like Plaintiff, Defendant submits no documentary evidence in support of its position.

---

[2] See 3 Am. Jur. 2d Agency § 259 (2013) (citing Hoffman for the proposition that "[u]nless the contract provides otherwise . . . any agent who is the originating or procuring cause of a sale, is entitled to recover commissions thereon, notwithstanding the sale was actually made or consummated by the principal personally or through another agent").

[3] Defendant contends that it assigned Plaintiff to work with Sodexo and St. Gobain, and that Plaintiff is incorrect that he "introduced" Defendant to these clients. However, Defendant fails to provide any authority for the proposition that the efficient procuring cause doctrine is limited to sales where the buyer and seller were strangers before the salesperson introduced them.

Relevant deposition testimony is either conflicting or unclear. For example, Plaintiff testified that the purchase order system involved reaching agreement on the terms of future sales and then having customers place a series of orders using those terms. (Sherman Dep. at 179-80, 189-92, Feb. 19, 2013.) At the same time, he also testified that retaining clients and securing orders would require additional work – though the nature and amount of the work was not clarified. (Id. at 190-91.) Other testimony indicates that, at least with respect to Sodexo, additional work was necessary to secure each purchase order, such as revising signage and dealing with shipping issues – though the testimony does not indicate how substantial that work was or whether such work went beyond the terms that Plaintiff had negotiated. (Harris Dep. at 72-74, Feb. 27, 2013.)

In sum, although Defendant never entered into long-term contracts with Sodexo or St. Gobain, at least on the current record, the Court cannot rule out that Plaintiff was responsible for securing at least some Defendant's sales to them – particularly those sales concluded shortly after Plaintiff's termination. This suffices the establish a genuine dispute regarding fact issues material to the Court's determination of whether Plaintiff is entitled to the disputed commissions, and, therefore, summary judgment cannot be granted to either party.

**B.   Summary Judgment with Respect to Defendant's Counterclaim for Unjust Enrichment Would Be Inappropriate at this Time.**

In order to prevail on its unjust enrichment counterclaim, Defendant must prove:

1. "[B]enefits conferred on . . . [P]laintiff;"

2. "[A]ppreciation of such benefits by [Plaintiff]; and"

3. "[A]cceptance and retention of such benefits under such circumstances that it would be inequitable for [Plaintiff] to retain the benefit without payment of value."

Durst v. Milroy Gen. Contracting, Inc., 52 A.3d 357, 360 (Pa. Super. Ct. 2012) (citing Schenck v. K.E. David, Ltd., 666 A.2d 327, 328 (Pa. Super. Ct. 1995)). While Plaintiff does not dispute that he owes Defendant the premiums for his health benefits, Defendant has cited no authority

7

for the proposition that it is inequitable for Plaintiff to withhold payment until resolution of his claims against Defendant, which include a claim that Defendant owes him commissions with values far exceeding the value of premiums. Therefore, the Court declines to grant summary judgment on Defendant's counterclaim for unjust enrichment at this time. <u>See</u> Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact <u>and the movant is entitled to judgment as a matter of law</u>." (emphasis added)).

## VI. Conclusion

For the foregoing reasons both parties' motions for partial summary judgment are **DENIED**.

An appropriate order follows.

O:\Matt12\12cv4106 - Sherman v. Composition Systems\12cv4106.Memo re Mots. for Sum. J..docx